**RANDY RUMPH**  (SBN: 232235)
1401 - 19TH STREET, SUITE 200
BAKERSFIELD, CALIFORNIA   93301
PHONE: (661) 322-4600

ATTORNEY FOR PLAINTIFF ANITA GONZALEZ

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| ANITA GONZALEZ, an individual,<br>PLAINTIFF,<br><br>vs.<br><br>CITY OF MCFARLAND, CALIFORNIA; JOHN WOONER; MANUEL CANTU; DOES 1 through 100.<br>DEFENDANTS. | CASE NO.<br><br>COMPLAINT WITH JURY DEMAND |
|---|---|

## JURISDICTION

1. This claim is brought pursuant to 42 U.S.C. 1983 and the United States constitution including the first amendment thereto. Jurisdiction is granted this court under 28 U.S.C. 1343. This court has jurisdiction over all other claims under *28 U.S.C. §1367*.

## VENUE

2. Venue is appropriate in this court as all actions comprising the claims for relief occurred within this district.

3. Defendant City of McFarland, at all times material hereto, was Plaintiff's employer.

4. Plaintiff, at all times material hereto was a resident of Kern County, California and was employed by the McFarland Mutual Water Company in October 1997. The McFarland Mutual Water Company merged with the City of McFarland in 2003 and Plaintiff became an employee of the City of McFarland at that time. Plaintiff's employment with the City of McFarland lasted until

1 August 2012, when she had her employment terminated.

2     5.    Defendant Manual Cantu is a resident of Kern County, CA. Cantu has been mayor
3 of the City of McFarland during 2012.

4     6.    Defendant Wooner is a resident of Kern County, CA. Wooner was city manager of
5 the City of McFarland during 2012.

6     7.    Plaintiff is unaware of the true names and capacities of the Defendants sued herein
7 as Does 1 through 100 inclusive, and therefore sue these Defendants by such fictitious names.
8 Plaintiff will amend this Complaint to allege the true names and capacities when ascertained.
9 Plaintiffs are informed and believe and on that basis alleged that each of the fictitiously named
10 Defendants are liable in the manner set forth below for the acts, conduct and/or omissions concerning
11 the events and happenings herein referred to, which proximately caused the damages and injuries
12 to plaintiffs as alleged herein, which includes serving as Plaintiff's employer, aiding and abetting the
13 defendants in engaging in the conduct outlined herein, and conspiring with the defendants to engage
14 in the conduct outlined herein.

15     8.    In or about April 2012, Plaintiff was one of three employees working within the
16 finance department of the City of McFarland. On April 2, 2012, at a staff meeting in the City Council
17 chambers, Plaintiff and other employees were advised by defendant Wooner that he wanted to clear
18 up rumors that had been circulating about potential layoffs. Wooner advised Plaintiff and those in
19 attendance that nobody was going to be laid off or terminated by the City of McFarland and rumors
20 to that effect were untrue. Wooner also indicated that the City of McFarland would be hiring two
21 positions for the Public Works Department.

22     9.    On or about April 26 2012, Plaintiff and two co-workers within the finance
23 department named Sylvia Escalante and Cecilia Medina were eating breakfast at a restaurant in
24 McFarland on their own time and while not "on the clock" with the City. During breakfast, the three
25 individuals engaged in conduct protected by the First Amendment of the United States Constitution
26 and also the California Constitution, to wit, they were engaged in a discussion about expenditures
27 of funds with the City of McFarland and that they believed funds were being spent inappropriately
28 by the City of McFarland, and also discussed the conduct of another employee that could cause

1  liability to the City in a potential civil lawsuit (hereinafter the "Protected Conduct").  The Protected
2  Conduct involved a matter of public concern.

3      10.     Plaintiff is informed and believes that the owner of the restaurant where she engaged
4  in the Protected Conduct informed City Manager Wooner of the Protected Conduct.

5      11.     On April 27, 2012, Plaintiff received what was labeled an "Employee Warning
6  Report" and Plaintiff was told this related to the Protected Conduct.  This reprimand came from
7  defendant Wooner and defendant Wooner was angry and would not allow Plaintiff to explain what
8  had occurred at the breakfast meeting when Plaintiff engaged in the Protected Conduct.

9      12.     Medina and Escalante received similar Employee Warning Reports.

10      13.     On June 21, 2012, Plaintiff was informed that layoffs would occur of the three
11  positions held by Plaintiff, Medina, and Escalante.  In a letter dated July 26, 2012, Plaintiff was
12  given notice from defendant Wooner that the City of McFarland had reorganized the three clerical
13  positions within the City held by Plaintiff, Escalante, and Medina, which resulted in the elimination
14  of the three positions held by Plaintiff, Escalante, and Medina.

15      14.     The City of McFarland then opened up two clerical positions and Plaintiff was told
16  she could apply for one of those two positions.  However, the two clerical positions required a a
17  minimum of an associates degree or two full academic years of attendance at an accredited college
18  or university in accounting, business administration, or public administration.  Wooner and other
19  City officials were aware that Plaintiff had no such degree or academic history and could not qualify
20  for either of the two positions.

21      15.     Plaintiff is informed and believes neither Escalante or Medina had such a degree or
22  could meet the criteria for the two new positions and were also precluded from applying for the new
23  clerical positions.

24      16.     Plaintiff's employment with the City of McFarland was terminated on August 17,
25  2012.

26      17.     Wooner was involved in the elimination of Plaintiff's position, as he was given final
27  authority over preparing a budget for the City of McFarland.  Wooner presented a budget to the City
28  of McFarland City Council in June 2012 which eliminated the three positions and created two new

positions within the City's finance department. The budget had to be passed as the new budget was scheduled to begin on July 1, 2012. At a minimum, Wooner set in motion a series of events which lead to the elimination of Plaintiff's position.

18. Plaintiff is informed and believes that Wooner was involved in establishing the criteria for the two new clerical positions within the City after Plaintiff's position was eliminated. Wooner was aware at that time Plaintiff could not meet the criteria.

19. Plaintiff has submitted a Government Tort Claim pursuant to California law for all causes of action set forth herein.

**FIRST CLAIM FOR RELIEF**
**(1983 Against Wooner)**

20. Plaintiff repeats and realleges all prior allegations.

21. At all times material hereto, defendant Wooner was a person acting under color of state law under 42 U.S.C. 1983. Wooner was involved in the elimination of Plaintiff's position at the City by preparing and presenting to the City Council a City budget which eliminated her position, as well as the positions of Medina and Escalante.

22. The Protected Conduct was the determining factor in the decision of Wooner to (1) give Plaintiff an "Employee Warning Report" on April 27, 2012 and (2) cause Plaintiff's job to be eliminated via a budget over which he had authority. But for the Protected Conduct, Plaintiff would not have been terminated from her employment with the City.

23. Because the Protected Conduct was the determining factor for Wooner when he (1) gave Plaintiff an "Employee Warning Report" and (2) set in motion the elimination of Plaintiff's position with the City of McFarland, Defendant Wooner violated Plaintiff's rights under the First Amendment of the United States Constitution, and 42 U.S.C. 1983 grants Plaintiff a remedy for this deprivation of Plaintiff's rights (hereinafter the "1983 Violation").

24. The 1983 Violation caused damages to Plaintiff (for which defendant Wooner is liable), including loss of income, loss of employment benefits, emotional distress and mental anguish.

25. The 1983 Violation occurred on the part of Wooner with an unlawful intent to

discriminate against Plaintiff because she engaged in conduct protected by the First Amendment to the U.S. Constitution and was done with a reckless disregard for Plaintiff's protected rights and therefore punitive damages should be imposed against Wooner.

26. Plaintiff has been forced to retain the services of an attorney and is therefore entitled to an award of attorney fees and costs.

**SECOND CLAIM FOR RELIEF**
**(1983 As To the City Of McFarland)**

27. Plaintiff repeats and realleges all prior allegations.

28. Wooner had final authority from the City in relation to discipline of employees and also with the budget presented to the City of McFarland, and it was his job to prepare the City budget. Wooner's authority over discipline of employees and the budget creates liability for the City under 42 U.S.C. 1983 for the 1983 Violation.

29. The City of McFarland violated Plaintiff's rights by (1) disciplining Plaintiff with the "Employee Warning Report" on April 27, 2012 and (2) eliminating her position pursuant to Wooner's budget. Plaintiff is informed and believes that the City Council was aware of Wooner's elimination of the positions when it voted on the budget which eliminated her position and was aware of Wooner's anger with Plaintiff, Escalante, and Medina for the Protected Conduct. Plaintiff is informed and believes the City Council ratified the 1983 Violation when it voted to eliminate Plaintiff's position in the budget.

30. By reason of Wooner's authority, and/or the ratification of his misconduct in the 1983 Violation by the City Council, the City is liable for the 1983 Violation.

31. Plaintiff's termination caused damages to Plaintiff (for which defendant City is liable), including loss of income, loss of employment benefits, emotional distress and mental anguish.

32. Plaintiff has been forced to retain the services of an attorney and is therefore entitled to an award of attorney fees and costs.

**THIRD CLAIM FOR RELIEF**
**(California Labor Code 98.6 and 96(k) Against City)**

33. Plaintiff repeats and realleges all prior allegations.

34. Plaintiff's termination occurred because of conduct off the premises while Plaintiff was not working, but instead was eating breakfast and having a discussion with her friends/co-workers. The discussion occurred while Plaintiff was not "on the clock" with the City. Plaintiff was disciplined for the discussion during said breakfast the day after the discussion, to wit, April 27, 2012. Ultimately, Plaintiff was terminated because of the discussion at that breakfast on April 26, 2012.

35. Plaintiff's termination violated Cal. Labor Code 98.6(b) and Labor Code 96(k).

36. Plaintiff is entitled, pursuant to Cal. Labor Code 98.6(b) to be reinstated to her former position with the City or one substantially similar.

37. Plaintiff is entitled, pursuant to Cal. Labor Code 98.6(b) to an award of damages which includes her lost wages and employee benefits.

**FOURTH CLAIM FOR RELIEF**
**(California Civil Code 52.1 Against Wooner And City)**

38. Plaintiff repeats and realleges all prior allegations.

39. California law, to wit, the California Constitution, protects Plaintiff's job with the City of McFarland by insuring that the City of McFarland does not retaliate against Plaintiff due to Plaintiff's Protected Conduct.

40. Defendants Wooner and the City of McFarland engaged in coercion, threats, and intimidation of Plaintiff by disciplining Plaintiff and ultimately terminating Plaintiff due to the Protected Conduct.

41. Defendant Wooner's discipline of Plaintiff and his termination of Plaintiff's employment for the Protected Conduct constituted interference with Plaintiff's rights under the California Constitution's right to free speech.

42. Civil Code 52.1 prohibits such conduct by Wooner.

43. Civil Code 52.1 provides Plaintiff a remedy against Wooner and the City of McFarland for such intimidation, coercion, and threats.

44. Plaintiff has suffered damages by reason of Wooner's threats and coercion, including

1  but not limited to the loss of her job, lost income, lost benefits, emotional distress, and mental
2  anguish.

3      45.    The coercion, intimidation, and threats by Wooner were oppressive and malicious as
4  it resulted from Wooner's attempt to retaliate against Plaintiff for the Protected Conduct.  As such,
5  the conduct of Wooner in engaging in the coercive and threatening conduct which ultimately
6  involved Plaintiff's termination, entitles Plaintiff to an award of punitive or exemplary damages to
7  punish Wooner and to make an example of Wooner so that such conduct is prevented in the future.

8      46.    Plaintiff has been forced to incur the costs of hiring an attorney to prosecute this
9  action and is therefore entitled to an award of attorneys fees and costs of this lawsuit.

**FIFTH CLAIM FOR RELIEF**
**(Defamation Against Wooner And City)**

    47.    Plaintiff repeats and realleges all prior allegations.

    48.    While acting as City Manager, Wooner prepared in October 2012, a City Manager's report. The City Manager's report was circulated to all citizens within McFarland, CA.

    49.    The City Manager's report from October 2012 reads as follows: "The reorganization was approved by the City Council during the budget process, which was to lay off three clerks and to replace them with two mid-range accountants.  The reorganization saves the city money by eliminating one position and makes the office much more efficient by having higher level employees who have a strong understanding of accounting and in return this should go along way (sic) in approving customer service.  The new positions will also aid by having full rounded staff members that understand the general ledger, fund balance accounting, account analysis and help to lower costs associated with audits."

    50.    The reorganization and loss of Plaintiff's job was well known by employees of the City of McFarland.  Many of the employees of the City of McFarland live within the City limits and received a copy of the City Manager's report.  Because the reorganization was well known, it was clear that the City Manager's report was referencing Plaintiff.

    51.    The City Manager's report was not privileged, and, even if privileged, was made with

malice and ill will toward Plaintiff as Wooner was angry with Plaintiff for having engaged in the Protected Conduct. Wooner's malicious attitude over the Protected Conduct lead him to defame Plaintiff in the City Manager's report. In addition, Wooner was well aware when he prepared the City Manager's report that Plaintiff was competent and performed at a high level when employed by the City and provided excellent customer service.

52. The comments by Wooner in the City Manager's report are defamatory per se as they impugned Plaintiff's abilities in her chosen field of employment, and indicate she was incompetent at her job and it implied that was why she had been terminated from her job.

53. The publication of the City Manager's report proximately caused damages to plaintiff, including but not limited to emotional distress, and mental anguish and defendants are liable for said damages, as Wooner prepared and distributed the City Manager's report as part of his official duties as City Manager.

54. Defendant Wooner is liable for punitive damages for the above conduct as it was malicious and oppressive under California Civil Code §3294.

### SIXTH CLAIM FOR RELIEF
### (Defamation as to Cantu and City)

55. Plaintiff repeats and realleges all prior allegations.

56. Defendant Cantu had a discussion with an individual by the name of Alicia Puentes after July 26, 2012 about the reorganization at the City whereby Plaintiff lost her job.

57. Cantu told Alicia Puentes that the City needed to have a staff that would be able to perform alone and not be asking for help or asking what to do. Cantu advised Puentes that the three former finance department employees (which included Plaintiff) were always asking for help and what to do next, indicating that Plaintiff did not know how to perform her job function as an employee with the City finance department.

58. The comments by Cantu were defamatory per se as they impugned Plaintiff's abilities in her chosen field of employment, and indicate she was incompetent at her job. Said comments were not privileged. Defendant Cantu and City are liable for said damages, as Cantu's discussion

with Puentes involved her inquiry about city business and Cantu was acting mayor at the time.

59. The comments by Cantu to Puentes were related to Plaintiff and proximately caused damages to plaintiff, including but not limited to emotional distress, and mental anguish.

60. Because Cantu was discussing City business with Puentes, he was acting within the scope of his duties as mayor, and the City is liable for said conduct.

61. Defendant Cantu is liable for punitive damages for the above conduct as it was malicious and oppressive under California Civil Code §3294.

WHEREFORE, Plaintiff prays for relief as follows:

1. For economic damages in an amount to be determined at trial.

2. For emotional distress and mental anguish in an amount to be determined at trial.

3. For punitive damages against Wooner and Cantu in an amount to be determined at trial.

4. For an award of attorney fees and costs.

5. For such other and further relief as this court deems just and proper.

Dated this 16th day of January, 2013

**JURY TRIAL IS DEMANDED ON ALL ISSUES SO TRIABLE**

RANDY RUMPH


/s/ Randy Rumph
1401 19th Street #117
Bakersfield, CA 93301
661-322-4600
Attorney for Plaintiff
 Anita Gonzalez