Jesse J. Maddox, Bar No. 219091
jmaddox@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704
Telephone:   559.256.7800
Facsimile:    559.449.4535

Attorneys for Defendants CITY OF McFARLAND,
CALIFORNIA; JOHN WOONER; and MANUEL CANTU

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA GONZALEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY OF McFARLAND,<br>CALIFORNIA; JOHN WOONER;<br>MANUEL CANTU; DOES 1 through<br>100,<br><br>            Defendants. | Case No.:  1:13-CV-00086 JLT<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>Date:        May 20, 2013<br>Time:       10:00 a.m.<br>Courtroom: 6 |

Defendants City of McFarland ("City"), John Wooner, and Manuel Cantu (collectively "Defendants") submit this Reply to Plaintiff's Opposition ("Opposition") to Defendants' Motion to Dismiss.

### I. MR. WOONER'S OFFICIAL CAPACITY MUST BE MEASURED BY THE COURSE OF THE PROCEEDINGS

Plaintiff claims that, by alleging that Mr. Wooner acted under "color of state law", she has sufficiently alleged a § 1983 claim against him in his individual capacity. The major elements of a § 1983 claim are (1) a violation of federal rights (2) that occurred under color of state law. Thus, if Plaintiff's argument was correct, every properly alleged § 1983 claim would state a basis for personal liability.

Plaintiff's Opposition cites *Hafer v. Melo*, 502 U.S. 21 (991) in support of her position. *Hafer*, which addressed state, not municipal, officials, recognizes that a complaint should

explicitly and unambiguously specify the capacity in which each claim is asserted. *Id.* at p. 24, note. In the Ninth Circuit, Courts use the "course of proceedings" test to determine the capacity in which an official has been sued. *Larez v. Los Angeles*, 946 F.3d 824 (9th Cir. 1990). The course of the proceedings test here is admittedly close; however, it is Defendants' position that Plaintiff's § 1983 claim against Mr. Wooner is identical to her claim against the City.

## II.   THE LABOR CODE REQUIRES EXHAUSTION BEFORE A LAWSUIT IS FILED

In her Opposition, Plaintiff presents a scattershot of arguments as to why exhaustion is not required. The first is an argument that the chronology of the passage of Labor Code sections 96(k) and 98.7 shows that the California Legislature clearly repudiated the administrative exhaustion requirement because the more recently passed section 96(k) provides new remedies. This is neither clear, nor correct.

Labor Code sections 96(k) and 98.7 were passed before the California Supreme Court's decision in *Campbell v. Regents of the Univ. of California*, 35 Cal.4th 311 (2005) and the numerous federal District Court decisions that have relied upon *Campbell* to hold that exhaustion is required, including for claims under 96(k)[1]. In addition, making new remedies available does not in any way eliminate the administrative exhaustion requirement established decades ago in *Abelleira v. District Court of Appeal*, 17 Cal.2d 280, 292 (1941), which found that the rule of exhaustion "is not a matter of judicial discretion, but is a fundamental rule of procedure ... binding upon all courts." See *Campbell*, 35 Cal.4th at p. 321, citing *Abelleira* with approval.

Plaintiff's remaining arguments relate to the handful of federal district court decisions that have found that exhaustion with the Labor Commissioner is not required. Plaintiff cites *Ortiz v. Permanente Med. Group, Inc.*, 2013 WL 1748049, Case No. C 13-00460 SI (N.D. Cal. 2013), which relies upon *Turner v. City and County of San Francisco*, 892 F.Supp.2d 1188 (N.D.Cal 2012), which relies upon *Creighton v. City of Livingston*, 2009 WL 3246825 (E.D.Cal. 2009) (*Creighton II*), which relies upon *Lloyd v. County of Los Angeles*, 172 Cal.App.4th 320 (2009).

---

[1] See, e.g., *Hall v. Apartment Inv. & Mgmt. Co.*, 2008 WL 5396361, at p. *4, Case No. 08-CV-3447 CW (N.D.Cal. 2008) ("[E]xhaustion of the administrative remedies prescribed in § 98.7 applies to §§ 1102.5 and 98.6")

As Judge O'Neill and Judge Ishii and have both concluded, the foundation of Plaintiff's argument, *Lloyd*, is analytically deficient in several respects, the most obvious being its failure to even mention *Campbell*. *Toth v. Guardian Industries Corp.*, 2012 WL 1076213, at p. *5, Case No. 1:12-CV-0001 LJO DLB (E.D. Cal. 2012); *Hanford Executive Management Employees Association v. City of Hanford*, 2012 WL 603222, Case No. 1:11-CV-00028-AWI-DLB (E.D.Cal. 2012) (referring to *Creighton II* as an "outlier" and "unpersuasive", and citing 8 district court decisions that have concluded that exhaustion is required). In addition, while there are a handful of decisions that have found exhaustion is not required, the "vast majority" of other district court cases have uniformly found exhaustion necessary. See *Toth* at p. *5.

Plaintiff also supports her position by citing a DLSE staff attorney's unsigned July 2, 2007 opinion letter to an attorney, which addresses whether exhaustion with the Labor Commissioner is required before filing a common law *wrongful termination in violation of public policy* cause of action based on Labor Code section 1102.5. While the opinion letter is not admissible at the summary judgment stage, let alone the motion to dismiss stage, it adds nothing to the authority Plaintiff has already cited. *Creighton II* addresses the same letter in its analysis, which, at the time, disavowed three Eastern District and one Northern District Court decisions that had interpreted the California Supreme Court's decision *Campbell* to require exhaustion for section 1102.5 claims. In addition, the plaintiff submitting the letter in *Creighton II* requested judicial notice of the document. Plaintiff has not made such a request here. As a result, the Court should not consider it.

Plaintiff does not contend that she exhausted her administrative remedies before filing this lawsuit. Consequently, Defendants request the Court follow the vast majority of federal district court decisions that have relied upon the California Supreme Court's decision in *Campbell* to find that exhaustion is required, and dismiss Plaintiff's Labor Code claim without leave to amend.

### III. PLAINTIFF CITES NO AUTHORITY TO OPPOSE DISMISSAL OF HER DEFAMATION CLAIMS

Plaintiff's Opposition does not cite any authority in Opposition to dismissal of her defamation claims against defendants Wooner and Cantu. Rather, she incorporates and relies

upon her opposition to Defendants' anti-SLAPP motion. However, while Defendants' anti-SLAPP contains many of the same arguments as Defendants' Motion to Dismiss, Defendants' Motion to Dismiss contains an additional argument that is not raised in the anti-SLAPP motion, notably that, to the extent Plaintiff claims the City Manager's and Mayor's statements addressed her performance, such statements are opinion that cannot form the basis for a defamation claim.

### IV. PLAINTIFF HAS NOT SUFFICIENTLY PLED A BANE ACT VIOLATION

Plaintiff's opposition misapplies *Sanchez v. City of Fresno*, 2012 WL 6719556 (E.D.Cal. 2012). While Plaintiff is correct that *Sanchez* recognizes there must be a predicate act of threats, intimidation, or coercion, *Sanchez* does not say that the predicate is fluid. Civil Code section 52.1 makes it clear that the predicate **must** be actual or attempted threats, intimidation, or coercion. Plaintiff's attempt to change the predicate takes her claim outside the ambit of the Bane Act.

In addition, like in *Sanchez*, Plaintiff's predicate and object are the same in this case. In *Sanchez*, the plaintiff claimed that the defendant used force, which was the predicate, to interfere with his Fourth Amendment right to be free from excessive force, which was the object. The plaintiff impermissibly relied upon the use of force to satisfy the predicate and object. Here, Plaintiff does the same. In paragraph 44 of her FAC, she claims "Defendants Wooner and the City of McFarland engaged in coercion, threats, and intimidation of Plaintiff **by disciplining Plaintiff and ultimately terminating Plaintiff** due to the Protected Conduct." Emphasis added. She then alleges in paragraph 45, "Defendant Wooner's **discipline of Plaintiff and his termination of Plaintiff's employment** for the Protected Conduct constituted interference with Plaintiff's rights under the California Constitution's right to free speech." Emphasis added. Therefore, Plaintiff is impermissibly using her alleged discipline and termination to satisfy both the predicate (i.e., threats, intimidation, or coercion) and the object (i.e., interference with free speech rights).

Plaintiff then cites *Stamps v. Superior Court*, 136 Cal.App.4th 1441 (2006) for the proposition that the Bane Act applies to retaliation in employment litigation, which is not even an issue here. In *Stamps*, a plaintiff sued his former employer and supervisor, alleging, among other claims, a violation of Civil Code sections 51.7 and 52.1. In his amended complaint, he alleged he

4

was subjected to violence and intimidation by threat of violence on account of his race, African-American. *Id.* at p. 1444. He also alleged that his supervisor verbally harassed him with racist remarks, yelled at him in an intimidating manner, threatened him with physical violence for not completing work assignments, and generally placed him in unsafe work situations without proper equipment and training, which led to the amputation of several of the plaintiff's toes. *Id.* The plaintiff was then terminated as a result of his injury. On appeal, the appellate court addressed the issue of "whether a violation of statutory protections against discriminatory violence and intimidation and against denial of civil rights by means of threats and intimidation (Civ. Code, §§ 51.7, 52.1) may be asserted as a separate cause of action in an action alleging wrongful termination and employment discrimination." *Id.* It held that "there is no bar to asserting violations of sections 51.7 and 52.1 in employment cases." *Id.*

Here, Defendants are not contending that the Bane Act does not apply in employment cases. Rather, the issue for purposes of Defendants' motion to dismiss is whether Plaintiff has sufficiently pled a violation of Civil Code section 52.1. Section 52.1 requires Plaintiff to plead and prove that Defendants used "threats, intimidation, or coercion" to interfere or attempt to interfere with the exercise or enjoyment of Plaintiff's rights. Unlike the plaintiff in *Stamps*, Plaintiff has not alleged that Defendants threatened, intimidated, or coerced her within the context of section 52.1. Consequently, her claim for a violation of section 52.1 should be dismissed.

## V. DEFENDANTS DO NOT OPPOSE PLAINTIFF'S REQUEST TO SUBMIT A BELATED OPPOSITION

Plaintiff's opposition was due May 6, 2013. She filed an opposition on May 6, 2013, but filed a second opposition on May 7, 2013, contending the May 6, 2013 version was a draft that did not contain her opposition to dismissal of her Civil Code section 52.1 claim. The late-filed Opposition did not prejudice Defendants' ability to respond. As a result, Defendants do not oppose Plaintiff's request to submit her May 7, 2013 Opposition, but ask the Court to monitor similar occurrences in the future of this matter.

## VI. CONCLUSION

Based on the foregoing, and the argument and authority in Defendants' Motion to Dismiss

Plaintiff's First Amended Complaint, Defendants respectfully request that the Court dismiss Plaintiff's First Amended Compliant in its entirety without leave to amend.

Dated: May 13, 2013                           LIEBERT CASSIDY WHITMORE

By: *Jesse Maddox*
Jesse J. Maddox
Attorneys for Defendants CITY OF McFARLAND, CALIFORNIA; JOHN WOONER; and MANUEL CANTU