Jesse J. Maddox, Bar No. 219091
jmaddox@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704
Telephone:   559.256.7800
Facsimile:   559.449.4535

Attorneys for Defendants CITY OF McFARLAND,
CALIFORNIA; JOHN WOONER; and MANUEL CANTU

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA GONZALEZ,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF McFARLAND,<br>CALIFORNIA; JOHN WOONER;<br>MANUEL CANTU; DOES 1 through 100,<br><br>  Defendants. | Case No.:  1:13-CV-00086 JLT<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF OPPOSITION TO MOTION TO STRIKE DEFAMATION CLAIMS**<br><br>Date:   May 20, 2013<br>Time:   10:00 a.m.<br>Courtroom: 6<br>Judge:   Magistrate Jennifer L. Thurston |

Defendants City of McFarland ("City"), John Wooner, and Manuel Cantu (collectively "Defendants") hereby object to the following material Plaintiff submitted in support of her Opposition to Defendants' Motion to Strike:

I. **OBJECTIONS TO ANITA GONZALEZ' DECLARATION**

1. Paragraph 2: "Mr. Wooner advised me and everyone there that nobody was going to be laid off or terminated by the City of McFarland and rumors to that effect were untrue. Mr. Wooner also indicated during the meeting that the City of McFarland would be hiring two positions for the Public Works Department."

   *Defendants object to this portion as hearsay. FRE 802.*

2. Paragraph 4: "I was advised that Sylvia Escalante and Cecilia Medina also received similar warnings."

   *Defendants object to this statement as lacking foundation (FRE 602) and hearsay (FRE*

1   *802).*

2   3.    Paragraph 5: "He was very angry when he gave me Exhibit 4."

3   *Defendants object to this statement on the grounds that it speculates as to the mental state*
4   *of Mr. Wooner and lacks foundation. FRE 602.*

5   4.    Paragraph 6: "All three of us were concerned that this was merely retaliation because of our discussion at the restaurant."

6   *Defendants object to this statement on the grounds that it lacks foundation. FRE 602.*

7   5.    Paragraph 9: "Mr. Cantu never saw us engaging in that conduct and never discussed any such alleged conduct with us."

9   *Defendants object to this statement on the grounds that it lacks foundation and is*
10  *speculative. FRE 602.*

11  6.    Paragraph 10: ". . . he was upset and bitter of the Pioneer restaurant incident." "He became very angry and upset . . . ." "It was clear that he took offense to my accusation."

13  *Defendants object to these statements on the grounds that they lack foundation and*
14  *speculate as to the mental state of Mr. Wooner. FRE 602.*

15  7.    Paragraph 12: "He clearly knows my work performance at the City was excellent."

17  *Defendants object to this statement on the grounds that it lacks foundation and speculates*
18  *as to the mental state of Mr. Wooner. FRE 602.*

19  8.    Paragraph 12: "I received compliments about my work performance from my supervisor and customers."

20  *Defendants object to this statement on the grounds that it is hearsay (FRE 802) and lacks*
21  *foundation (FRE 602).*

22  9.    Paragraph 14: "I did not do so because I did not meet the requirements that had been given to me in the July 26, 2012 letter (Exhibit 1) or in the requirements put in the newspaper which are attached to the complaint as Exhibit 1."

24  *Defendants object to this statement on the grounds that it lacks foundation. FRE 602.*
25  *Plaintiff does not know whether she met the requirements because she never applied for the*
26  *position.*

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

10. Paragraph 15: "After my layoff and after the hiring of two employees by the City to fill the two new positions, I had a discussion with a McFarland City Council member who advised me that the two women who were hired do not have the qualifications required by Exhibit 1 to the complaint."

*Defendants object to this statement on the grounds that it is hearsay (FRE 802) and lacks foundation (FRE 602).*

## II. OBJECTIONS TO SYLVIA ESCALANTE'S DECLARATION

1. Paragraph 2: "Mr. Wooner advised me and everyone there that nobody was going to be laid off or terminated by the City of McFarland and rumors to that effect were untrue. Mr. Wooner also indicated during the meeting that the City of McFarland would be hiring two positions for the Public Works Department."

*Defendants object to this portion as hearsay. FRE 802.*

2. Paragraph 5: "He was very angry."

*Defendants object to this statement on the grounds that it speculates as to the mental state of Mr. Wooner and lacks foundation. FRE 602.*

3. Paragraph 8: "Mr. Cantu never saw us engaging in that conduct . . . ."

*Defendants object to this statement on the grounds that it lacks foundation and is speculative. FRE 602.*

4. Paragraph 11: ". . . it appears he felt my work performance at the City was good."

*Defendants object to this statement on the grounds that it lacks foundation and speculates as to the mental state of Mr. Wooner. FRE 602.*

5. Paragraph 11: "I received compliments about my work performance from my supervisor and customers, including Mr. Wooner."

*Defendants object to this statement on the grounds that it is hearsay (FRE 802) and lacks foundation (FRE 602).*

6. Paragraph 14: "I did not do so because I did not meet the requirements that had been given established."

*Defendants object to this statement on the grounds that it lacks foundation. FRE 602. Ms. Escalante does not know whether she met the requirements because she never applied for the position.*

## III. OBJECTIONS TO PLAINTIFF'S EXHIBIT NO. 5

Defendants object to Exhibit 5 to Plaintiff's Opposition on foundational (FRE 602) and

hearsay (FRE 802) grounds.  Documentary evidence must be properly authenticated.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002); see also *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550-1551 (9th Cir. 1990).  "A writing is not authenticated simply by attaching it to an affidavit . . ." *Beyene v. Coleman Security Services, Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988).  The letter in Exhibit 5 is not signed under penalty of perjury and there is no way of telling whether Ms. Puentes actually wrote or signed it.  In addition, the letter, while hearsay itself, also contains hearsay and makes several statements that lack foundation.

Dated:  May 15, 2013                                              LIEBERT CASSIDY WHITMORE


By: _____
    Jesse J. Maddox
    Attorneys for Defendants CITY OF
    McFARLAND, CALIFORNIA;
    JOHN WOONER; and MANUEL
    CANTU

## PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in Fresno, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years and not a party to the within action.

On **May 15, 2013**, I served the foregoing document(s) described as **DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE DEFAMATION CLAIMS** in the manner checked below on all interested parties in this action addressed as follows:

Randall Rumph
Law Offices of Randy Rumph
1401 19th Street, Suite 200
Bakersfield, CA  93301

☑ **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fresno, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE)** I am personally and readily familiar with the business practice of Liebert Cassidy Whitmore for collection and processing of document(s) to be transmitted by facsimile. I arranged for the above-entitled document(s) to be sent by facsimile from facsimile number 559.449.4535 to the facsimile number(s) listed above. The facsimile machine I used complied with the applicable rules of court. Pursuant to the applicable rules, I caused the machine to print a transmission record of the transmission, to the above facsimile number(s) and no error was reported by the machine. A copy of this transmission is attached hereto.

☐ **(BY OVERNIGHT MAIL)** By overnight courier, I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service, FedEx, for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for.

Executed on May 15, 2013, at Fresno, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Susan L. Brown