UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA GONZALEZ,<br><br>      Plaintiff,<br><br>   v.<br><br>CITY OF McFARLAND, et al.,<br><br>      Defendants. | Case No.: 1:13-cv-00086 JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Docs. 36, 37) |

Before the Court is the motion for reconsideration filed by Plaintiff. (Docs. 36, 37) On May 21, 2013, the Court granted Defendants' motion to dismiss based, in part, on Plaintiff's failure to exhaust administrative remedies for her claims brought under California Labor Code §§ 98.6 and 96(k). (Doc. 27 at 14-20) In doing so, the Court found that courts have decided the exhaustion issue variously but determined that exhaustion was required. Id. Since that time, the California Legislature implemented Labor Code § 244 which excuses exhaustion as to every Labor Code violation that does not specifically require it. Based upon the Court finding that § 244 applies to this case prospectively, the Court **GRANTS** the motion for reconsideration.

///

///

///

1

**I.     Reconsideration**

Federal Rules of Civil Procedure 60(b)(5) allows a court to set aside an order within one year if it is no longer equitable.[1] In Agostini v. Felton, 521 U.S. 203, 215 (1997) the Court held that Rule 60(b)(5) relief may be granted where there has been an intervening, "significant change" in law.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999), cert. denied, 490 U.S. 1059 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id.

Reconsideration is appropriate when the Court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. School District 1J, Multnomah County v. AC and S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994). In addition, there may be other highly unusual circumstances warranting reconsideration. Id. Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

---

[1] Defendants take the position that Plaintiff must have intended to proceed under Fed. R. Civ. P. 60(b)(6). (Doc. 41 at 2) However, Plaintiff has corrected this assumption and reiterated she seeks to proceed under subsection (b)(5). (Doc. 36 at 1-2; Doc. 43 at 3-4) Thus, the Court declines to evaluate the motion under subsection (b)(6).

**II.    Labor Code section 244**

Effective January 1, 2014, California Labor Code section 244, unequivocally determines that administrative exhaustion is not required of an employee seeking to vindicate rights brought under any section of the Labor Code which does not impose an exhaustion requirement. Section 244 provides,

> An individual is not required to exhaust administrative remedies or procedures in order to bring a civil action under any provision of this code, unless that section under which the action is brought expressly requires exhaustion of an administrative remedy. This subdivision shall not be construed to affect the requirements of Section 2699.3

Whether this statute applies to this case, is the question before the Court. "Generally, statutes operate prospectively only." McClung v. Employment Dev. Dep't, 34 Cal. 4th 467, 475 (2004) quoting Myers v. Philip Morris Companies, Inc., 28 Cal.4th 828, 839 (2002). "[A] statute's retroactivity is, in the first instance, a policy determination for the Legislature and one to which courts defer absent 'some constitutional objection' to retroactivity." McClung, at 475 quoting Myers, at 840. A statute will not apply retroactively where it creates new rights or new liabilities. McClung, 34 Cal.4th at 475.

Here, SB 666, the bill which enacted § 244, described the bill as "clarify[ing] that an employee or job applicant is not required to exhaust administrative remedies or procedures in order to bring a civil action under any provision of the Labor Code, unless the provision under which the action is brought expressly requires exhaustion of an administrative remedy.[2] (Doc. 36-1 at 14) The legislative history of SB 666 indicates that drafters intended Labor Code §244 to be a clarification of existing law and not an amendment to it. Following a June 18, 2013 meeting of the Assembly Committee on Judiciary chaired by Assembly Member Robert Wieckowski, the synopsis states that:

> The bill would also clarify that an employee or job applicant is not required to exhaust administrative remedies or procedures in order to bring a civil action under any provision of the Labor Code, unless the provision under which the action is brought expressly requires exhaustion of an administrative remedy.

Id. Such a declared intention, where the interpretation of the statute is in flux, is entitled to consideration, even if it is not determinative. McClung, at 473. Though Defendant argues that the

---

[2] The Court may take judicial notice of legislative history. Chaker v. Crogan, 428 F.3d 1215, 1223 n. 6 (9th Cir. 2005).

issue was settled in Campbell v. Regents of the Univ. of Cal., 35 Cal.4th 311 (2005), as set forth extensively in the Court's order finding that Plaintiff had failed to exhaust her administrative remedies, the Court disagrees and finds instead that interpretation of this issue has been hotly debated and, prior to implementation of § 244, was not settled.  (*See* Doc. 27 at 14-20)

On the other hand, whether the statute is found, ultimately, to be retroactive need not be determined here.  Instead, the key issue is whether the statute applies to the case at bar given that it is "pending."  In Elsner v. Uveges, 34 Cal.4th 915, 937 (2004), the California Supreme Court held that where a statute does not "substantially affect [ ] existing rights" then "application to a trial of preenactment conduct is permitted, because the application is prospective."  This maxim is applied even where the Court has ruled contrary to the current state of the statutes.  *See* Governing Board v. Mann, 18 Cal.3d 819, 829, (1977); Brenton v. Metabolife Internat., Inc., 116 Cal.App.4th 679, 690 (2004).  This authority is in accord with that of the Ninth Circuit which has held that a case is "pending" until the appeal is final.  Beverly Cmty. Hosp. Ass'n v. Belshe, 132 F.3d 1259, 1264 (9th Cir. 1997).  Moreover, the Supreme Court has made clear that even a discretionary decision which when made was sustainable, cannot be affirmed if it was premised upon a legal principle that no longer is sound.  Agostini v. Felton, 521 U.S. 203, 238 (1997).  Here, the Court does not find that § 244 creates new rights or imposes new liabilities.  Thus, it has little hesitation in holding that § 244 applies here and should apply at trial.  Thus, the Court **GRANTS** the motion for reconsideration.

Defendants argued at the hearing that if the Court grants the motion, in essence, this is the equivalent of a new filing such to trigger California's Tort Claims Act which requires filing of a complaint within six months of denial of the tort claim.  Cal. Gov. Code. 945.6(a).  Thus, Defendants argued that the "new filing" would be untimely under the Tort Claims Act.  The Court rejects this characterization.  The effect of the Court's order granting this motion for reconsideration is merely to reinstate the cause of action as it was before the prior order issued.  The cause of action was timely before the Court granted the motion to dismiss and, therefore, it is timely now.

///

///

///

**ORDER**

Based upon the foregoing, the motion for reconsideration (Docs. 36, 37) is **GRANTED** and the third claim for relief (Doc. 33-1 at 6) is **REINSTATED**.

IT IS SO ORDERED.

Dated: **January 24, 2014**         /s/ Jennifer L. Thurston
                               UNITED STATES MAGISTRATE JUDGE