Jesse J. Maddox, Bar No. 219091
jmaddox@lcwlegal.com
Kimberly A. Horiuchi, Bar No. 214869
khoriuchi@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704
Telephone:    559.256.7800
Facsimile:    559.449.4535

Attorneys for Defendants CITY OF McFARLAND, JOHN WOONER, and MANUEL CANTU

Randall Martin Rumph, Bar No. 232235
LAW OFFICES OF RANDY RUMPH
1401 19th Street, Suite 200
Bakersfield, CA 93301
Telephone: 661.322.4600
Facsimile: 661.322.8478

Attorney for Plaintiff ANITA GONZALEZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA GONZALEZ,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF McFARLAND, CALIFORNIA; JOHN WOONER; MANUEL CANTU; DOES 1 through 100,<br>None. | Case No.:  1:13-CV-00086 JLT<br><br>Complaint Filed: January 17, 2013<br>FAC Filed: April 4, 2013<br><br>**JOINT PRETRIAL STATEMENT**<br><br>Date:　　　September 10, 2014<br>Time:　　　8:30 am<br>Courtroom: Jennifer L. Thurston<br><br>Trial Date:　　　　November 10, 2014 |

Pursuant to Local Rule 281, Plaintiff, ANITA GONZALEZ ("Plaintiff"), and Defendants CITY OF McFARLAND ("City"), JOHN WOONER, and MANUEL CANTU (collectively "Defendants") by and through their respective counsel, hereby submit this Joint Pretrial Statement.  Plaintiff is represented by Randy Rumph of the Law Office of Randy Rumph. Defendants are represented by Jesse Maddox and Kimberly Horiuchi of the law firm of Liebert Cassidy Whitmore.

85336.3  MC060-010

## I. JURISDICTION & VENUE

The parties agree that jurisdiction and venue are proper in the above-captioned Court pursuant to 28 U.S.C. §§ 1331 and 1367.

## II. JURY/NON-JURY TRIAL

Plaintiff has invoked her right to a jury trial under the Seventh Amendment to the United States Constitution as to all triable issues. Plaintiff and Defendants agree to a jury trial on all triable issues of fact.

## III. UNDISPUTED FACTS

1. The City of McFarland is an incorporated city in the State of California, County of Kern, and a governmental agency.

2. At all times relevant, John Wooner was the City Manager for the City of McFarland.

3. At all times relevant, Manuel Cantu was the Mayor and a City Council Member for the City of McFarland.

4. Plaintiff is an individual.

5. Plaintiff's employment with the City began in 2003, after the City absorbed the McFarland Mutual Water Company, where Plaintiff had been employed since 1997.

6. In April 2012, Plaintiff worked as an Accounts Payable Clerk in the City's Finance Department.

7. Plaintiff received an "Employee Warning Report" on or about April 27, 2012.

8. The City Council voted 5-0 to pass the 2012-2013 budget.

9. The 2012-2013 Budget eliminated three and created two positions in the Finance Department.

10. Plaintiff's Accounts Payable position was one of the positions eliminated by the 2012-2013 City Budget.

11. Plaintiff received a letter on July 26, 2012 from Wooner and the City which included an invitation to apply for five (5) vacant City positions, including: an Accounting Technician position; an Accounting Assistant II position; a Police Officer Technician position; a

Waste Operator I position; and a Wastewater Plant Operator II position.

12. Plaintiff's last day of employment with the City was August 17, 2012.

13. Mr. Wooner gave Plaintiff a letter of recommendation on or about August 17, 2012.

## IV. DISPUTED FACTUAL ISSUES

### A. PLAINTIFF'S DISPUTED FACTUAL ISSUES

1. Whether Plaintiff's protected speech was a factor in the Employee Warning Report she received on April 27, 2012?

2. Whether Plaintiff's protected speech was a factor in her layoff?

3. Whether Plaintiff suffered damages as a result of the Employee Warning Report?

4. Whether Plaintiff suffered damages as a result of her layoff?

5. Whether punitive damages should be assessed against defendant Wooner?

6. Whether defendant Cantu defamed Plaintiff?

7. Whether punitive damages should be assessed against Cantu?

### B. DEFENDANTS' DISPUTED FACTUAL ISSUES

1. Whether Plaintiff engaged in speech on a matter of public concern.

2. Whether Plaintiff's alleged protected speech was made as a private citizen or public employee.

3. Whether Plaintiff's alleged protected speech was a substantial or motivating factor in the alleged adverse employment actions.

4. Whether the City had an adequate justification for treating Plaintiff differently than members of the general public for her speech.

5. Whether the City would have taken the same adverse employment action even absent the protected speech.

6. Whether Plaintiff engaged in activity protected by the Labor Code.

7. Whether a causal link exists between the alleged adverse employment actions and Plaintiff's alleged protected conduct under the Labor Code.

8. Whether Mr. Wooner and the City had a legitimate, non-retaliatory reason for the

alleged adverse employment action.

9. Whether the Mr. Wooner and the City's reason for taking the alleged adverse employment actions were pretext for retaliation.

10. Whether Plaintiff suffered damages as a result of the alleged retaliation.

11. Whether punitive damages are available against Mr. Wooner.

12. Whether Defendant Cantu made any defamatory comments about Plaintiff's ability to perform her job duties.

13. Whether Ms. Puentes reasonably understood Mr. Cantu's alleged statements to imply that Plaintiff was incompetent at her job.

14. Whether Mr. Cantu's alleged statement was false or substantially true.

15. Whether Mr. Cantu failed to use reasonable care to determine the truth or falsity of the alleged statement he made to Ms. Puentes.

16. Whether Plaintiff suffered harm to her occupation or reputation.

17. Whether clear and convincing evidence exists that Mr. Cantu knew his alleged statement to Ms. Puentes was false or had serious doubts about the truth of the statement.

18. Whether Plaintiff can prove she suffered any damages as a result of Cantu's alleged statements to Alicia Puentes.

19. Whether Plaintiff made attempts to mitigate her damages, and whether Plaintiff's alleged emotional distress damages are the result of the elimination of her position with the City.

20. Whether the City would have terminated Plaintiff's employment for misconduct it discovered after her last day at the City.

21. Whether Plaintiff is entitled to any damages where the City has after acquired evidence that she recorded confidential meetings without consent.

22. Whether Mr. Cantu acted with malice, oppression or fraud when he made the alleged statement to Ms. Puentes.

V. **DISPUTED EVIDENTIARY ISSUES**

A. **PLAINTIFF**

1. Plaintiff objects to evidence not previously identified pursuant to Rule 26 from

85336.3 MC060-010

being admitted.

2. Plaintiff objects to evidence relating to alleged audits of the city from being admitted.

**B. DEFENDANTS**

Defendants will be filing motions in limine, including, but perhaps not limited to, motions related to the following general areas:

1. Exclusion and preclusion of Plaintiff's witnesses who were not timely disclosed and for whom Plaintiff did not timely provide addresses and telephone numbers pursuant to initial disclosures or Defendants' request.

2. No reference to Defendants' motion for summary judgment and/or summary adjudication, any supporting pleadings, and/or the Court's grant and/or denial of the same.

3. Exclusion of character testimony on the Plaintiff's propensity for honesty or truth-telling.

4. Exclusion of opinion testimony, whether lay or expert, on Plaintiff's propensity for honesty or truth-telling.

5. All testimony concerning Plaintiff's opinion of her work performance.

6. Exclude documents not produced during discovery.

7. Exclusion of evidence of any other lawsuits, actions, and/or complaints against Defendants for any cause of action.

8. Exclude evidence or statements that the April 2012 Employee Warning Report was an adverse employment action.

9. Exclude "me too" evidence Plaintiff seeks to introduce.

10. Exclude testimony and evidence regarding Ray DeLeon's allegations against the Defendants.

11. Exclude testimony and evidence regarding David Oberhoffer's allegations against the Defendants.

12. Exclude testimony and evidence regarding David Frazier's allegations against the Defendants.

85336.3 MC060-010

5

13. Exclude testimony and evidence regarding Bob Wilburn's allegations against the Defendants.

14. No reference to dismissed claims.

15. To exclude lay witnesses from the courtroom during trial.

16. Exclude evidence of claims not stated in Plaintiff's Complaint.

17. Exclude deposition testimony from witnesses not appearing at trial.

18. Exclude testimony from non-supervisory employees concerning Plaintiff's qualifications/job performance.

19. Exclude testimony from experts not disclosed pursuant to Federal Rules of Civil Procedure, Rule 26.

20. Exclude evidence and testimony regarding acts Plaintiff considers to be adverse employment actions that she did not identify in the complaint or during discovery, or that the Court has determined are not adverse employment actions.

21. Exclusion of all documents not timely produced pursuant to Plaintiff's initial disclosures and/or a request from Defendants, or otherwise not produced in conformance with Federal Rules of Civil Procedure, Rule 26.

## VI. PLAINTIFF'S RELIEF SOUGHT

Plaintiff requests compensatory damages, attorneys' fees, costs of suit, and any other relief to which she may be entitled.

## VII. POINTS OF LAW

### A. UNDISPUTED LEGAL ISSUES

1. Venue is proper.

### B. SPECIAL MOTION TO STRIKE AND SUMMARY JUDGMENT RULINGS

On May 21, 2013, the Court granted Defendants' special motion to strike the claim against Mr. Wooner and the City for defamation. On August 12, 2014, this Court issued its order on Defendants' motion for summary judgment. In the Order, the Court dismissed Plaintiff's Civil Code section 52.1 claim.

**C.    PLAINTIFF'S DISPUTED LEGAL ISSUES**

Plaintiff has four claims remaining after summary judgment. Plaintiff is seeking punitive damages against defendants Wooner and Cantu.   The standard for punitive damages for Wooner is federal law and is preponderance of the evidence. In re Exxon Valdez, 270 F.3d 1215, 1232 (9th Cir. 2001) (citing Pac. Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 23, n. 11 (1991).  See also Ninth Circuit Pattern Instructions, No. 5.5.  The standard for punitive damages for Cantu is state law and requires clear and convincing evidence.

**D.    DEFENDANTS' DISPUTED LEGAL ISSUES**

1. Whether Plaintiff's alleged speech is protected speech under the First Amendment.
2. Whether the Employee Warning Report is an adverse employment action for purposes of Plaintiff's Labor Code claim.
3. Whether Mr. Wooner was required to investigate what he learned Plaintiff, Escalante, and Medina said at the Restaurant before he and Ms. Mosqueda issued the Warning Report.
4. Whether Plaintiff is entitled to an award of any compensatory damages.
5. Whether Plaintiff is entitled to an award of attorney's fees.
6. Whether Plaintiff is entitled to costs of suit.
7. Whether Defendant Cantu's alleged statements are defamatory per quod.
8. Whether Mr. Cantu is immune from liability for his alleged defamatory statement.
9. Whether the City is immune from liability for defendant Cantu's alleged defamatory statement.
10. Whether the Court can strike Defendants' after-acquired evidence defense as insufficiently pled when Plaintiff failed to raise the issue during the pleading stage and did not raise the issue until opposing Defendants' motion for summary judgment.
11. Whether Plaintiff's allegations and evidence at trial exceed or deviate from the allegations in her Second Amended Complaint.
12. Whether Plaintiff is entitled to damages where the Defendants have after-acquired evidence of misconduct.

13. Whether Plaintiff may introduce as evidence recordings of confidential communications between her and Mr. Wooner.

## VIII. ABANDONED ISSUES

Defendants abandon the seventh, twelfth, thirteenth, and twenty-second affirmative defenses in their Answer to Plaintiff's Second Amended Complaint.

## IX. WITNESSES

### A. PLAINTIFF'S EXPERT WITNESSES

1. Retained Experts

   None

2. Non-retained experts

   None.

### B. PLAINTIFF'S OTHER WITNESSES

1. Anita Gonzalez
2. Robert Gonzalez
3. Sylvia Escalante
4. Cecilia Medina
5. John Wooner
6. Rocio Mosqueda
7. Claudia Ceja
8. Alicia Puentes
9. Angela Gutierrez
10. Manuel Cantu
11. Ralph Melendez
12. Videl Santillano
13. Russell Coker
14. Steve McFarland
15. Dennis Martin
16. Dr. Mary Milkie Andrews

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

17. Dr. Uzma Khan
18. Marcos Padilla
19. Jesse Guerra
20. Joelle Carlos
21. Maria Gomez
22. Milton Marr
23. Christy King
24. Greg Herrington
25. Mario Gonzalez
26. Reynaldo De Leon
27. Diana Garcia
28. Vanessa Enrique

**C.    DEFENDANTS' EXPERT WITNESSES**

1. <u>Retained Experts</u>

    None

2. <u>Non-retained experts</u>

    None

**D.    DEFENDANTS' OTHER WITNESSES**

1. John Wooner
2. Manuel Cantu
3. Rocio Mosqueda
4. Anita Gonzalez
5. Cecilia Medina
6. Sylvia Escalante
7. Claudia Ceja
8. Diana Garcia
9. Vanessa Enrique
10. Alicia Puentes

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

11. Greg Klimko

12. Russell Coker

13. Vidal Santillano

14. Steve McFarland

15. Rafael Melendez

16. Greg Herrington

17. Iselda Nunez

18. Gerald Forde

19. Milton Marr

20. Mark Albert, Albert & Associates, 2235 Highway 46 Wasco CA 93280.

21. The witnesses identified by Plaintiff.

22. Custodian of records for Kaiser Foundational Hospital

Defendants reserve the right to call any other witnesses for the purposes of impeachment at the time of trial.

## X.  EXHIBITS

### A.  PLAINTIFF AND DEFENDANTS' EXHIBITS

1. April 27, 2012 Warning Notice (155; DEF0199)

2. July 26, 2012 Notice of Layoff Letter to Plaintiff from Mr. Wooner, with an enclosure of five job descriptions. (DEF 0168)

3. August 17, 2012 Letter of Recommendation for Employment to Plaintiff from Mr. Wooner. (170)

4. Recording made by Plaintiff of June 22, 2012 meeting.

5. Recording made by Plaintiff of her July 26, 2012 discussion with Mr. Wooner.

### B.  PLAINTIFF'S ADDITIONAL EXHIBITS

1. Answers to interrogatories.

2. Budget Letter (DEF 0473-0475)

3. Budget voted on June 2012 (DEF0476-0596)

4. City Layoff Policy Procedure (DEF 0079-0083)

5. Qualifications for City Positions (152)

6. Severance Agreement (DEF 0254-0257)

7. Alicia Puentes Statement (176)

8. Appendix A - Employees affected by the City Reorganization (DEF 0253)

9. Performance Appraisal (DEF 0226-02301)

10. Performance Appraisal (DEF 0231-0233)

11. Performance Evaluation (DEF 0234-0235)

12. McFarland Mutual Water Co. Document (DEF 0242)

13. Letter dated 8/14/12 (DEF 0251-0252)

14. Appendix A (DEF 0253)

15. Appendix B (0254-0257)

16. McFarland Mutual Water Co. personnel document (DEF 0268)

17. Notice of Employee Termination (DEF 0300)

18. Performance Evaluation (DEF 0376-0377)

19. Defense recording of Wooner staff meeting 6/22/12

20. Mandatory Meeting Memo (177)

21. Job description (1-3)

**C.   DEFENDANTS' ADDITIONAL EXHIBITS**

1. City of McFarland Employee Handbook, Approved by the City Council on April 26, 2012, and bate-stamped DEF0002-0084.

2. Plaintiff's Acknowledgment of Receipt of Prohibited Conduct as described in the City of McFarland Employee Handbook dated April 23, 2012.

3. Plaintiff's Acknowledgment of Receipt of Employee Handbook and At Will Employment dated May 17, 2012.

4. Budget Letter (DEF 0473-0475)

5. 2012-2013 Budget voted on June 2012 (DEF0476-0596)

6. Plaintiff's acceptance email of invitation to June 21, 2012 meeting in the City Manager's office. (0154)

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

7. Alicia Puentes' May 24, 2013 declaration.

8. Plaintiff's Complaint, First Amended Complaint, and Second Amended Complaint.

9. Job Descriptions for Accounts Payable Clerk, Accounting Technician, and Accounting Assistant II.

10. Payroll records and similar documents from Plaintiff's employer(s) subsequent to her employment at the City.

11. Documents produced by Plaintiff's medical providers relating to her alleged emotional distress and causes thereof.

12. August 14, 2012 letter to Plaintiff from Mr. Wooner, with Appendices.

13. Plaintiff's Claim for Disability Insurance Benefits. (106)

14. Plaintiff's email acceptance of an invitation to an April 2, 2012 meeting (0177).

15. Ms. Escalante and Ms. Medina's Employee Warning Reports.

## XI. DISCOVERY DOCUMENTS

### A. DISCOVERY DOCUMENTS TO BE INTRODUCED BY PLAINTIFF

1. Answers to interrogatories.

2. Answers to Requests for Admissions.

3. Depositions of witnesses who are unavailable at trial.

### B. DISCOVERY DOCUMENTS TO BE INTRODUCED BY DEFENDANTS

1. Plaintiff's Responses to Defendants' Specially Prepared Interrogatories.

2. Plaintiff's Response to Defendants' Request for Admissions.

3. Plaintiff's Response to Defendants' Request for Production of Documents.

4. Any and all depositions where necessary due to unavailability of a witness and/or for purposes of impeachment.

## XII. FURTHER DISCOVERY OR MOTIONS

Defendants request the ability to depose Cecilia Medina and Alicia Puentes. Ms. Puentes provided Defendants with a declaration under oath, and then provided Plaintiff a declaration under oath of which Defendants did not become aware until Plaintiff submitted with her

opposition to Defendants motion for summary judgment. Similarly, Ms. Medina submitted a declaration in support of Plaintiff's opposition that conflicts with statements she previously made to Mr. Wooner and Rocio Mosqueda.

Defendants intend to file a motion for reconsideration of the Court's order granting in part and denying in part Defendants' motion for summary judgment. The only other anticipated pretrial motions will be motions in limine.

## XIII. STIPULATIONS

### A. PLAINTIFF'S PROPOSED STIPULATIONS:

None at this time.

### B. DEFENDANTS' PROPOSED STIPULATIONS:

Copies instead of originals.

Authentication of City Policies and Rules.

## XIV. AMENDMENTS-DISMISSALS

### A. PLAINTIFF'S CONTENTIONS:

No amendments or dismissals are anticipated at this time.

### B. DEFENDANTS' CONTENTIONS:

To the extent the Court has determined that Defendants have insufficiently alleged their after-acquired evidence defense, Defendants request the opportunity to amend its Answer.

## XV. SETTLEMENT NEGOTIATIONS

The June 20, 2013 Scheduling Order states that the parties may notify the Court if they agree the matter is in a settlement posture. The parties agree the matter is in a settlement posture and request that the Court schedule a Settlement Conference.

## XVI. AGREED STATEMENT

### A. PLAINTIFF'S PROPOSAL:

Plaintiff does not believe that a presentation of all or part of this action upon an agreed statement of facts is feasible or advisable.

The parties will prepare a proposed neutral statement for purposes of impaneling a jury.

**B.     DEFENDANTS' PROPOSAL:**

Plaintiff Anita Gonzalez was an Accounting clerk with the City. On April 26, 2012, Plaintiff, Medina, and Escalante met for breakfast at Pioneer Restaurant in McFarland. Plaintiff alleges the three discussed, among other things, the prudence of providing fuel reimbursements to City directors. The City Manager, John Wooner, heard Plaintiff, Medina, and Escalante were instead bad-mouthing the City and their supervisor, Finance Director Rocio Mosqueda. Mr. Wooner and Ms. Mosqueda issued Plaintiff, Medina, and Escalante an Employee Warning Report the next day.

In late June 2012, the City Council voted on the 2012-2013 Budget, which included a proposal to eliminate three positions in the City's Finance Department and instead create two new positions. Plaintiff, Medina, and Escalante held the eliminated positions, and stopped working at the City in August 2012. Plaintiff alleges her position was eliminated in retaliation for her statements at Pioneer Restaurant. Defendants deny Plaintiff's claim and maintain that the positions were re-organized for the purpose of creating two, new positions that the City hoped to fill with employees who had a greater understanding of government accounting principles.

After the Council's vote to approve the 2012-2013 budget, Plaintiff's friend, Alicia Puentes, approached Mayor Manuel Cantu and asked why the Finance Department positions had been eliminated. Plaintiff claims Ms. Puentes told her that Mayor Cantu implied to her that Plaintiff was not competent at her job. Mr. Cantu denies that he made any such implication. He claims he stated the Finance Department needed employees with more accounting knowledge.

## XVII. SEPARATE TRIAL OF ISSUES

Plaintiff and Defendants do not anticipate the need for a separate trial of any of the issues in this matter.

## XVIII. IMPARTIAL EXPERTS – LIMITATION OF EXPERTS

**A.     PLAINTIFF'S POSITION:**

Not applicable.

**B.     DEFENDANTS' POSITION:**

Defendants do not anticipate the need for an impartial expert witness.

As to all other experts, no other limitation is anticipated except to the extent that no expert should be permitted to testify for Plaintiff on subjects not disclosed by Plaintiff and/or opinions not disclosed by Plaintiff. Plaintiff did not disclose any expert witnesses.

### XIX. ATTORNEYS' FEES

Plaintiff requests attorney fees pursuant to 42 U.S.C. 1988. Defendants are not seeking attorneys' fees at this time.

### XX. TRIAL EXHIBITS

No special handling of trial exhibits is anticipated at this time. The Court shall retain exhibits pending any appeal of the decision pursuant to Eastern District Local Rule 138(e)-(f).

### XXI. TRIAL PROTECTIVE ORDER

Defendants may seek a protective order regarding confidential and private personnel information of non-party City employees.

### XXII. MISCELLANEOUS

The parties reserve the right to supplement their lists of witnesses and/or exhibits based on discovery, supplementation of discovery, information that should have been provided during discovery, or information first obtained through investigation after the close of discovery.

The parties further advise that their listings of exhibits is without prejudice to their right to present demonstrative aids, tests, foundational materials, learned treatises, impeachment evidence, rebuttal evidence, items of limited or conditional admissibility, or any other matters not properly presented as exhibits during the parties' case in chief under the Federal Rules of Evidence.

The parties have agreed to provide the other with 24 hours advance notification of the identities of those witnesses they intend to call.

The parties also reserve the right to amend any aspect of this pretrial order in the interest of justice.

### XXIII. TRIAL ESTIMATE

The parties estimate this trial to take 4 to 6 Court days.

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Dated: September 4, 2014                               LIEBERT CASSIDY WHITMORE

By:            /s/
      Jesse J. Maddox
      Kimberly A. Horiuchi
      Attorneys for Defendants CITY OF
      McFARLAND, JOHN WOONER,
      and MANUEL CANTU

Dated: September 4, 2014                               LAW OFFICES OF RANDY RUMPH

By:            /s/
      Randall Martin Rumph
      Attorneys for Plaintiff
      ANITA GONZALEZ

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

85336.3 MC060-010