1

2

3

4

5

6

7

8                            **UNITED STATES DISTRICT COURT**

9                            **EASTERN DISTRICT OF CALIFORNIA**

10

11   ANITA GONZALEZ,                          )   Case No.: 1:13-cv-00086 - JLT
                                              )
12              Plaintiff,                    )   ORDER GRANTING DEFENDANTS' MOTION
                                              )   TO MODIFY THE SCHEDULING ORDER AND
13        v.                                  )   FILE AN AMENDED ANSWER
                                              )
14   CITY OF MCFARLAND, et al.,               )   (Doc. 56)
                                              )
15              Defendants.                   )
                                              )
16

17          Defendants City of McFarland, California; John Wooner; and Manuel Cantu seek modification

18   of the Court's scheduling order, and leave to file a First Amended Answer that contains facts

19   supporting their "after-acquired evidence" affirmative defense.  (Doc. 56.)  Plaintiff Anita Gonzalez

20   opposes the motion.  (Doc. 64.)  Because the Court finds Defendants demonstrate good cause for

21   amending the scheduling order, and Plaintiff fails to demonstrate substantial prejudice, Defendants'

22   motion to amend is **GRANTED**.

23   **I.       Relevant Procedural History**

24          Plaintiff initiated this action by filing a complaint against the City of McFarland, California;

25   John Wooner; and Manuel Cantu on January 17, 2013.  (Doc. 1.)  She filed a First Amended Complaint

26   against Defendants on April 4, 2013.  (Doc. 15.)  Plaintiff alleged she was employed by the City of

27   McFarland ("the City") beginning in 2003.  (Id. at 1.)  She was one of three employees in the City's

28   finance department, and her duties included processing "utility and miscellaneous payments made to

1    the City" as well as Accounts Payable.  (Id. at 2.)  Defendants filed a motion to dismiss and a motion to

2    strike on April 18, 2013.  (Docs. 16, 17.)  The Court granted the motions in part, dismissing Plaintiff's

3    claim for defamation with prejudice and the claim arising under Labor Code §§ 98.6 and 96(k) without

4    prejudice for failure to exhaust administrative remedies.  (See Doc. 27 at 23.)

5          Plaintiff filed her Second Amended Complaint on July 9, 2013.  (Doc. 33.)  Thereafter, the

6    Labor Code § 224 was implemented, stating "[a]n individual is not required to exhaust administrative

7    remedies or procedures in order to bring a civil action under any provision of this code, unless that

8    section under which the action is brought expressly requires exhaustion of an administrative remedy."

9    In light of this, the Court granted a motion for reconsideration filed by Plaintiff, and reinstated her

10   claim arising under Labor Code §§ 98.6 and 96(k).  (Doc. 45.)  Accordingly, Plaintiff's claims include:

11   (1) a violation of the First Amendment under 42 U.S.C. § 1983 by Wooner; (2) a violation of 42 U.S.C.

12   § 1983 by the City; (3) discrimination, discharge, or refusal to hire for exercise of employee rights in

13   violation of Cal. Labor Code 98.6 and 96(k) by the City; (4) violation of California Civil Code § 52.1;

14   and (5) defamation by Cantu and the City.  (See Docs. 15, 45.)

15          Defendants filed their Answer to Plaintiff's Second Amended Complaint on August 7, 2013.

16   (Doc. 35.)  As their eighth affirmative defense, Defendants alleged "that to the extent that Defendants

17   have discovered or will discover relevant evidence, Plaintiff is barred from recovering damages or any

18   other remedy by reason of such after- acquired evidence."  (Id. at 9.)

19          Defendants filed a motion for summary judgment, on June 30, 2014, arguing their after-

20   acquired evidence defense precluded any recovery by Plaintiff for damages related to emotional

21   distress, back pay, or loss of benefits.  (Doc. 50 at 26-27.)  Defendants reported they learned during the

22   course of discovery that Plaintiff recorded a meeting on June 21, 2012, as well as a private conversation

23   with defendant Wooner held on July 26, 2012.  (See id. at 26.)  Defendants asserted "Plaintiff would

24   have been terminated if Wooner had known about the recordings." (Doc. 46-3 at 27-28, emphasis

25   omitted.)  However, because Defendants failed "to identify any facts upon which the affirmative

26   defense may rest" and stated the defense "in a speculative manner," the Court found the after-acquired

27   evidence defense was "insufficient to provide Plaintiff fair notice of the grounds upon which

28   Defendants' affirmative defense rests."  (Doc. 50 at 27-28, citing Dodson, 289 F.R.D. at 559, 603;

1  Kohler v. Staples, 291 F.R.D. 464, 469 (S.D. Cal. 2013).

2  On September 24, 2014, Defendants filed the motion now pending before the Court, seeking to

3  modify the scheduling order and filed an amended answer that bolsters the after-acquired evidence

4  defense.  (Doc. 56.)  Plaintiff filed her opposition on October 17, 2014 (Doc. 64), to which Defendants

5  filed a reply on October 28, 2014 (Doc. 86).

6  **II.     Legal Standards**

7  **A.     Scheduling Orders**

8  Districts courts must enter scheduling orders in actions to "limit the time to join other parties,

9  amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition,

10  scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." Id.

11  Once entered by the court, a scheduling order "controls the course of the action unless the court

12  modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management

13  problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992). As such, a

14  scheduling order is "the heart of case management." Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3rd

15  Cir. 1986).

16  Further, scheduling orders are "not a frivolous piece of paper, idly entered, which can be

17  cavalierly disregarded by counsel without peril." Johnson, 975 F.2d at 610 (quoting Gestetner Corp. v.

18  Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be shown for modification

19  of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

25  Johnson, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must

26  "diligently attempt to adhere to the schedule throughout the course of the litigation." Jackson v.

27  Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting modification of a

28  scheduling order has the burden to demonstrate:

1

2

(1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

3

4

5  Id. at 608 (internal citations omitted).

6  ## B.    Pleading Amendments

7  Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21

8  days of service, or if the pleading is one to which a response is required, 21 days after service of a

9  motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the

10  opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Because Plaintiff does

11  not consent to the filing an amended answer, Defendants seeks the leave of the Court.

12  Granting or denying leave to amend a complaint is in the discretion of the Court, Swanson v.

13  United States Forest Service, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n]

14  when justice so requires." Fed. R. Civ. P. 15(a)(2).  "In exercising this discretion, a court must be

15  guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the

16  pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).  Consequently,

17  the policy to grant leave to amend is applied with extreme liberality. Id.

18  There is no abuse of discretion "in denying a motion to amend where the movant presents no

19  new facts but only new theories and provides no satisfactory explanation for his failure to fully develop

20  his contentions originally." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995); see also Allen v. City

21  of Beverly Hills, 911 F.2d 367, 374 (9th Cir. 1990).  After a defendant files an answer, leave to amend

22  should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad

23  faith, is futile, or creates undue delay." Madeja v. Olympic Packers, 310 F.3d 628, 636 (9th Cir. 2002)

24  (citing Yakama Indian Nation v. Washington Dep't of Revenue, 176 F.3d 1241, 1246 (9th Cir. 1999)).

25  ## III.    Discussion and Analysis

26  ### A.    Defendants' Diligence

27  The Scheduling Order set forth a pleading amendment deadline of August 19, 2013. (Doc. 32

28  at 2). The current motion was not filed until September 24, 2014. (Doc. 56.) Thus, Defendants are

4

1    required to demonstrate good cause under Rule 16 for filing an amended pleading out-of-time. See

2    Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) (explaining the question of whether

3    the liberal amendment standard of Rule 15(a) or the good cause standard of Rule 16(b) apples to a

4    motion for leave to amend a complaint depends on whether a deadline set in a Rule 16(b) scheduling

5    order has expired).  Accordingly, the Court examines Defendants' diligence to determine whether

6    amendment of the scheduling order is proper.

7           Defendants assert good cause exists to modify the scheduling order.  (Doc. 55-1 at 3, emphasis

8    omitted.)  Defendants explain that "Plaintiff provided two recordings in her response to production of

9    documents on December 20, 2013," but "Defendants were unsure what the recordings were or how

10   Plaintiff obtained them until Plaintiff's deposition on April 14, 2014." (Id. at 4.) As a result, Defendants

11   report they "learned of Plaintiff's conduct a full eight months after the deadline to amend."  (Id.)

12          On the other hand, Plaintiff asserts that Defendants' failure to seek leave to amend their answer

13   "when [they] received the recordings" demonstrates a lack of diligence.  (Doc. 64 at 4.)  Plaintiff

14   observes Defendants' counsel "waited four months between the receipt of the recordings and the

15   deposition of Plaintiff before discovering when and where the recordings occurred," which also

16   "evidences a lack of diligence."  (Id. at 5.)

17          Significantly, however, Defendants state they were unaware of the deficiencies of their

18   pleadings until the Court discussed the after-acquired evidence defense in its order on Defendants'

19   motion for summary judgment, which was issued on August 12, 2014.  (Doc. 50.)  On September 5,

20   2014, the parties filed a Joint Pretrial Statement in which Defendants requested an opportunity to

21   amend their Answer because the Court "determined that Defendants have insufficiently alleged their

22   after-acquired evidence defense."  (Doc. 51 at 14.)  On September 10, 2014, the Court issued the Final

23   Pretrial Order and indicated that "Defendants must proceed via motion" for any pleading amendments.

24   (Doc. 53 at 17.)  The motion now pending before the Court was filed two weeks later.  Given the

25   timeframe between Defendants learning of the inadequacy of their pleading and the requests for leave

26   to amend, the Court finds the good cause requirement of Rule 16 is satisfied.

27          **B.      Leave to Amend the Answer**

28          Because the Court concludes Defendants demonstrated diligence, the Court must also determine

1    whether amendment of the Answer is proper under Rule 15.  Evaluating a motion to amend, the Court

2    may consider (1) whether the party has previously amended the pleading, (2) undue delay, (3) bad faith,

3    (4) futility of amendment, and (5) prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182

4    (1962); Loehr v. Ventura County Comm. College Dist., 743 F.2d 1310, 1319 (9th Cir. 1984).  These

5    factors are not of equal weight as prejudice to the opposing party has long been held to be the most

6    critical factor to determine whether to grant leave to amend.  Eminence Capital, LLC v. Aspeon, Inc.,

7    316 F.3d 1048, 1052 (9th Cir. 2003); Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).

8                          1.      Prior amendments

9            The Court's discretion to deny an amendment is "particularly broad" where a party has

10   previously amended the pleading.  Allen, 911 F.2d at 373.  Here, the amendment sought is the first

11   requested by Defendants.  Therefore, this factor does not weigh against amendment.

12                         2.      Undue delay

13           By itself, undue delay is insufficient to prevent the Court from granting leave to amend

14   pleadings.  Howey v. United States, 481 F.2d 1187, 1191(9th Cir. 1973); DCD Programs v. Leighton,

15   833 F.2d 183, 186 (9th Cir. 1986).  However, in combination with other factors, delay may be

16   sufficient to deny amendment. See Hurn v. Ret. Fund Trust of Plumbing, 648 F.2d 1252, 1254 (9th Cir.

17   1981).  Evaluating undue delay, the Court considers "whether the moving party knew or should have

18   known the facts and theories raised by the amendment in the original pleading." Jackson, 902 F.2d at

19   1387; see also Eminence Capital, 316 F.3d at 1052.  Also, the Court should examine whether

20   "permitting an amendment would . . . produce an undue delay in the litigation." Id. at 1387.

21           Here, Defendants presented the theory of after-acquired evidence but were unaware of the facts

22   that support their affirmative defense at the time the original Answer was filed.  Further, Defendants

23   report they were unaware of the need to seek supplement the affirmative defense with facts until this

24   Court issued its order on the motion for summary judgment.  By seeking leave to amend shortly after

25   the order was issued, Defendants have not exhibited undue delay. Moreover, the amendment would not

26   cause any delay in the litigation. Consequently, this factor does not weigh against amendment.

27                         3.      Bad faith

28           There is no evidence before the Court suggesting Defendants acted in bad faith in seeking

6

1    amendment.  Therefore, this factor does not weigh against amendment.

2                        4.        Futility of amendment

3            "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." <u>Bonin,</u>

4    59 F.3d at 845; <u>see also</u> <u>Miller v. Rykoff-Sexton</u>, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for

5    leave to amend may be denied if it appears to be futile or legally insufficient"). Futility may be found

6    where added claims are duplicative of existing claims or patently frivolous, or both.  <u>See</u> <u>Bonin</u>, 59

7    F.3d at 846.

8            Plaintiff argues Defendants' amendment of the after-acquired evidence affirmative defense is

9    futile because "[t]he defense requires that the conduct which is alleged to support the defense exist at

10   the time of the adverse action."  (Doc. 64 at 6-7, citing <u>McKennon v. Nashville Banner Publ. Co</u>., 513

11   U.S. 352, 362-63 (1995).  Plaintiff notes the Supreme Court of the United States determined in

12   <u>McKennon</u> that under the after-acquired evidence doctrine, the "[e]mployer must … establish that the

13   wrongdoing was of such severity that the employee in fact would have been terminated on those

14   grounds alone if the employer had known of it at the time of discharge."  (<u>Id.</u> at 7, quoting <u>McKennon</u>

15   513 U.S. at 362-63.)  Because the recordings were made *after* the City Council voted to terminate

16   Plaintiff, she asserts "the defense would not even apply in this situation."  (<u>Id.</u>)

17           The after-acquired evidence doctrine allows an employer to avoid or reduce a damage award

18   even though the evidence will not preclude a finding that the plaintiff was fired in violation of the law.

19   The Ninth Circuit explained: "An employer can avoid backpay and other remedies by coming forward

20   with after-acquired evidence of an employee's misconduct, but only if it can prove by a preponderance

21   of the evidence that it would have fired the employee for that misconduct." <u>O'Day v. McDonnell</u>

22   <u>Douglas Helicopter Co.</u>, 79 F.3d 756, 761 (9th Cir. 1996).

23           Here, though both recordings occurred after the City Council decided to reorganize Plaintiff's

24   department, this does not mean that the amendment is futile.  Defendants have argued that Plaintiff lost

25   her employment, not because of the reorganization but because she failed to apply for any of the open

26   positions.  They have argued that Wooner told Plaintiff she could apply for the newly created positions

27   and that she chose not to do so.  Though Plaintiff may present evidence that applying for either of the

28   positions was futile, the Court cannot say that the jury could not conclude that Defendants' position

1    could not be accepted by the jury.  Thus, Plaintiff's acts of recording the meetings--which occurred

2    before Plaintiff was separated from the City's employ--could constitute after-acquired evidence that

3    would have justified Plaintiff's termination.

4         Because after-acquired evidence may affect a damages award if Plaintiff is successful on her

5    claims, the proposed amendment is not futile.  Thus, this factor does not weigh against granting

6    Defendants leave to file an amended answer.

7         5.     Prejudice to the opposing party

8         The most critical factor in determining whether to grant leave to amend is prejudice to the

9    opposing party.  Eminence Capital, 316 F.3d at 1052.  The burden of showing prejudice is on the party

10   opposing an amendment to the complaint.  DCD Programs, 833 F.2d at 187; Beeck v. Aquaslide 'N'

11   Dive Corp., 562 F.2d 537, 540 (9th Cir. 1977).  Prejudice must be substantial to justify denial of leave

12   to amend.  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). There is a

13   presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a).

14   Eminence Capital, 316 F.3d at 1052.

15        Plaintiff asserts that she would suffer substantial prejudice "in light of the fact defendants failed

16   to identify the precise conduct upon which its after acquired evidence defense relied until summary

17   judgment." (Doc. 64 at 6.)  Plaintiff argues she "was precluded from conducting any discovery to

18   counter the assertions by Mr. Wooner that he would terminate Plaintiff for the recording," such as "who

19   recorded the very same June 21, 2012 meeting Plaintiff recorded that was given to Plaintiff by

20   defendants during discovery, whether Mr. Wooner was aware of the recording, and what discipline, if

21   any, the person who recorded it, received." (Id.)  Plaintiff asserts "[t]his would also involve submitting

22   a request for production of documents concerning employees Mr. Wooner had terminated and the basis

23   therefore, discovery of other employees who were not terminated but who had violated policies of the

24   City of McFarland." (Id.)

25        On the other hand, as Defendants note, Plaintiff deposed Wooner following her own deposition,

26   where she discussed the recordings.  (Doc. 86 at 6.)  At the deposition, Plaintiff had the opportunity to

27   inquire "whether Plaintiff would have been fired if he had known of her recordings and whether the

28   City has ever fired someone for that type of conduct before." (Id.)  Plaintiff has not demonstrated that

it is necessary for discovery to reopen in this matter, and it does not appear she would suffer substantial

prejudice, particularly in light of the fact that Plaintiff does not assert the above discovery is necessary

to her case, but only that Plaintiff was precluded from having the opportunity to seek such discovery.

As a result, this factor does not weigh against granting Defendants leave to amend.

## IV.     Conclusion and Order

Defendants demonstrate good cause for modifying the Scheduling Order, and satisfy the

requirements of Rules 15 and 16 of the Federal Rules of Civil Procedure.   Accordingly, the Court

exercises its discretion to permit Defendants to file the proposed Amended Answer.  See Swanson, 87

at 343; Fed. R. Civ. P. 15(a)(2).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1.     Defendants' motion for modification of the Court's Scheduling Order and for leave to

file the amended answer is **GRANTED**; and

2.     Defendants **SHALL** file the Amended Answer no later than **November 6, 2014**.

IT IS SO ORDERED.

Dated:    **November 4, 2014**                      **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE