UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA GONZALEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF MCFARLAND, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-00086 - JLT<br><br>ORDER ON MOTION IN LIMINE RE: ALLEGED AFFAIR<br><br>(Doc. 99) |

　　　　Before the Court is the motion in limine filed by Defendants City of McFarland, John Wooner, Manuel Cantu, to exclude reference to the discussion about the alleged affair of two coworkers. The Court finds the information may be helpful to the jury in determining whether the City and Wooner acted reasonably in determining what was said by Plaintiff on April 26, 2012 before disciplining her, whether Plaintiff was engaged in protected speech on that date and whether Plaintiff was engaged in lawful activity at the time. Also, the Court will not find that, as a matter of law, the discussion was not protected speech and because the Court finds the evidence is relevant on topics even if it was not protected, the motion is **DENIED**.

## I.　　Legal Standards Governing Motions in Limine

　　　　"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 40 n. 2 (1984). The Ninth Circuit explained motions in

1

limine "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury." Brodit v. Cabra, 350 F.3d 985, 1004-05 (9th Cir. 2003) (citations omitted).

Importantly, motions in limine seeking the exclusion of broad categories of evidence are disfavored. See Sperberg v. Goodyear Tire and Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975). The Court "is almost always better situated during the actual trial to assess the value and utility of evidence." Wilkins v. Kmart Corp., 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). The Sixth Circuit explained, "[A] better practice is to deal with questions of admissibility of evidence as they arise [in trial]" as opposed to ruling on a motion in limine. Sperberg, 519 F.2d at 712. Nevertheless, motions in limine are "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child & Family Services, 115 F.3d 436, 440 (7th Cir. 1997).

## II.     Motion to exclude reference to the alleged affair

Defendants seek the exclusion of "testimony and/or evidence concerning any alleged affair or mention of an affair between Mario Gonzalez and Iselda Nunez." (Doc. 99 at 1) Defendants argue that Plaintiff should be precluded from mentioning the alleged affair because there is no evidence Defendants knew Nunez was Herrington's source and because the speech is not protected. Id. at 2.

First, the Court declines Defendants' request to rule on whether the speech related to the affair is protected at this time. First, it is improper to use this motion in limine as a dispositive motion. United States v. Heller, 551 F.3d 1108, 1111 (9th Cir.2009) ["A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area."] Second, Defendants have not offered evidence to support this request and, as a result, it is unclear upon what evidence they contend the Court should issue this ruling. On its face, without evidence, the Court cannot find that the mere fact that the speech related to a sexual affair means, necessarily, that Plaintiff's comments were not protected.

Though Plaintiff has admitted that "[t]he issue of an affair standing alone is . . . not an issue of public concern," she maintains that her "statement about the affair contributing to a potential sexual harassment claim against the city is" a public concern. (Doc. 70 at 1.) Evaluating Plaintiff's First

Amendment claim on summary judgment, the Court observed that "[g]enerally, comments between coworkers about the sexual relationships of other coworkers would not be considered protected speech." (Doc. 50 at 19, citing Sullivan v. Chappius, 711 F.Supp.2d 279, 285 n. 4 (W.D.N.Y. 2010) (complaints about a state employee's "alleged affair with a subordinate did not involve a matter of public concern"); Smith v. Citrus County, 2005 U.S. Dist. LEXIS 38861, at *14 (M.D. Fl. Apr. 26, 2005) (explaining that whether a county employee "had 'sexual affairs' with county employees is not a matter of public concern")). However, a conversation involving a rumored affair among city employees may be protected where "the allegation the allegation of misuse of public funds was the key issue and the fact that the rumor affair was mere 'context' for this issue." (Doc. 50 at 19, citing Belk v. City of Eldon, 228 F.3d 872, 879 (8th Cir. 2000)). Comparing the facts presented to those presented in Belk, the Court explained:

> Here, the conversation related to the affair was focused on the affair and the details of the affair, e.g., that the male member of the relationship was married, that he was a person of high stature in the City's management organization and that the female was pregnant with the married man's child. It appears that Plaintiff's comment stating her concern for the City's sexual harassment liability may not have been more than a passing comment. In *Belk*, the rumor of the affair was mere explanation for Link's motivation to condone Carpenter's improper level of benefits. It did not add to or detract from the documented concern that Carpenter was receiving greater benefits than an employee of her stature should receive; the same does not appear to be true here.

(Doc. 50 at 19-20.) Likewise, though Defendants rely upon Smith v. Citrus County, 2005 WL 1065545 (M.D. Fla. May 2, 2005) for the proposition that a statement that a married coworker was having sexual affairs with other employees, that is not the holding of Smith. Instead, Smith concerned whether the plaintiff had adequately pleaded a First Amendment claim. The only statement in the complaint related to the affairs was: "in 1995, the Plaintiff told Ken Saunders that Defendant Brock had "sexual affairs" with County employees while married." Id. at 1. The court had little hesitation is finding that this allegation, "[w]hether Defendant Brock had "sexual affairs" with county employees is not a matter of public concern." Id. at 4.

Here, however, the evidence presented to the Court previously indicated that the thrust of the conversation was not about the affair but was about the liability that this could pose to the City because Mario Gonzalez, the married actor in the alleged affair, was a Director of the City and Nunez was a subordinate employee, though there is no evidence she reported to Gonzalez. (Doc. 50 at 18-20) Based

upon the information before the Court, it cannot say that the jury will not be persuaded, as in <u>Belk</u>, that the concern over the City's financial security in the face of a potential lawsuit was the purpose of the speech, and the statements about the affair were context for those statements.

Also, as Defendants' note, Plaintiff testified that Sylvia Escalante called the female involved in the affair a "bitch" because she disapproved of the affair with the married man.  However, when this was communicated to Wooner, he was told that Plaintiff called Mosquedo this name.  Plaintiff is entitled to explain this detail.  It is noteworthy that Nunez was the person who told the police chief about the conversation in the first place (Doc. 46-6 at 142-143), who then reported the conversation to Wooner.  The Court recognizes that there is ambiguity in the testimony of Herrington so that it is not clear whether Herrington told Wooner that Nunez was his source.  This ambiguity must be resolved by the jury.[1]  Therefore, the motion in limine is **DENIED**.

IT IS SO ORDERED.

Dated:   **November 13, 2014**               **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] The Court is not convinced that this ambiguity makes much difference because an unreasonable failure to know what was said, will not shield Defendants from liability if Plaintiff engaged in protected speech.  This evidence could persuade the jury that a minimal investigation could have yielded information which may have given Wooner pause before acting.